**William Alfred GURLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35080.**

Court of Criminal Appeals of Texas.

Jan. 2, 1963.

Charles L. Ballman, Borger, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Justice.

The offense is operating a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $100.

Texas Highway Patrolman Harvey Deharde testified that he observed the appellant driving an automobile on State Highway 70 on the wrong side of the highway; that he followed and stopped appellant's car; that he opened the door and asked

appellant to get out "and he did, and he almost fell when he got out. He went down to his knees, and he collected himself again and leaned against the car." He further testified that he observed appellant for about 30 minutes; "He smelled heavily of alcoholic beverage, his breath did, and his face was extremely flushed—His eyes were all blood shot and glassy looking—he had extreme difficulty in standing and walking." He expressed the opinion that appellant was intoxicated.

Patrolman Deharde's partner, Patrolman Kenneth Harrison, gave similar testimony. Deputy Sheriff Luther Daves, who observed appellant after the patrolman brought him in, also expressed the opinion that appellant was intoxicated.

Testifying in his own behalf, the appellant admitted having consumed three cans of beer but denied that he was intoxicated.

■ The jury accepted the state's version and the evidence is sufficient to sustain their verdict.

The sole ground for reversal advanced in appellant's brief relates to the overruling of his motion to quash the information. The contention is that there was no valid complaint because the affiant had not been administered an oath at the time of signing the complaint as complainant.

The complaint appearing in the record is regular in form and shows to have been sworn to by Harvey Deharde before Jack M. Allen, County Attorney, on June 23, 1960.

When the case was called for trial on May 21, 1962, appellant's counsel's request that he be permitted to interrogate the complaining witness Deharde was granted and he was examined about "the matter of the information and complaint both being corrected."

The testimony of the witness in advance of the trial appears in the statement of facts in question and answer form, which also shows the following: At the conclu-

sion of the examination, appellant was granted time to prepare a written motion. The motion made orally was that the information and complaint be quashed because the complaining witness Deharde had testified that at the time of signing the complaint he did not know whether or not he was under oath, did not know if he was sworn; did not remember the County Attorney being there when he signed the complaint, and testified that he didn't remember whether or not anyone administered an oath and did not know whether or not anyone administered an oath.

The court agreed that the motion could be reduced to writing and filed later, and overruled it, and appellant excepted.

The transcript contains a motion to quash the information incorporating the oral motion. It was filed May 29, 1962, and shows to have been presented and overruled on May 21, 1962, with permission granted to reduce the motion to writing at a later day. The transcript does not show any other ruling of the court or any exception to the overruling of the motion to quash.

As we view the record, the supposed error of the court in overruling appellant's motion to quash the information is not before us for review.

■ The motion appearing in the transcript is deficient in that it is not shown that the motion was overruled and that exception was reserved to such ruling.

■ The motion appearing as a part of the statement of facts in question and answer form cannot be considered, both because it was orally made, and because Art. 759a, Sec. 6, Vernon's Ann.C.C.P. requires that the statement of facts relating to any motion heard in the case shall be filed with the clerk separately from the facts bearing upon the guilt or innocence of the defendant.

■ We have examined the testimony shown in the hearing however, and find that the officer testified that he signed the com-

plaint in the clerk's office and "I held up my hand and said 'I swear this is true' like I normally do," but he did not remember that the county attorney was there.

If before us, no error is shown in the overruling of the motion to quash.

The judgment is affirmed.